# United States Court of Appeals
## For the First Circuit

No. 07-1655

FELIPE RAMIREZ,

Petitioner,

v.

MICHAEL MUKASEY, Attorney General,

Respondent.

ON PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before

Lynch, <u>Circuit Judge</u>,
John R. Gibson,[*] <u>Senior Circuit Judge</u>,
and Howard, <u>Circuit Judge</u>.

<u>Matt Cameron</u> for petitioner.
<u>Peter D. Keisler</u>, Assistant Attorney General, Civil Division,
<u>Mark C. Walters</u>, Assistant Director, and <u>W. Manning Evans</u>,
Attorney, Office of Immigration Litigation, Civil Division, U. S.
Department of Justice, for respondent.

March 14, 2008

---

[*]Hon. John R. Gibson, of the Eighth Circuit, sitting by
designation.

**JOHN R. GIBSON, <u>Senior Circuit Judge</u>**.  Felipe Ramirez, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' order of removal.  The BIA found that Ramirez's 1999 conviction for indecent assault and battery on a person fourteen years or older, Mass. Gen. Laws ch. 265, § 13H, was an aggravated felony, 8 U.S.C. § 1101(a)(43)(F), which rendered Ramirez removable and ineligible for any form of relief from removal.  Ramirez contends that the crime for which he was convicted includes battery by merely offensive--not harmful--touching, and therefore should not be classified as a crime of violence under 18 U.S.C. § 16, or, it follows, as an aggravated felony under 8 U.S.C. § 1101(a)(43)(F).  Although this precise question has not been decided by this Circuit, earlier cases foreshadowing the question persuade us to reject Ramirez's argument.  We deny the petition for review.

Ramirez was a lawful permanent resident on February 4, 1999, when he pleaded guilty to indecent assault and battery on a person fourteen years or older under Mass. Gen. Laws ch. 265, § 13H, and received a sentence of two years, which was suspended.  On September 27, 2000, the Immigration and Naturalization Service charged him with removability on the ground that he had been convicted of an aggravated felony.  The charging papers alleged that his crime was an aggravated felony because it was a crime of violence, as defined in 18 U.S.C. § 16, for which he had been

sentenced to a term of imprisonment of at least one year.  An Immigration Judge ordered Ramirez removed to El Salvador.

Ramirez appealed to the BIA, which affirmed in a reasoned opinion on March 27, 2007.  Ramirez argued that the crime for which he was convicted, Mass. Gen. Laws ch. 265, § 13H, was not categorically a "crime of violence" within the meaning of 18 U.S.C. § 16 because assault and battery can be of two types--harmful touching or merely offensive touching.  See United States v. Harris, 964 F.2d 1234, 1236 (1st Cir. 1992), overruled on other grounds, Shepard v. United States, 125 S. Ct. 1254, 1258 (2005).  Ramirez contended that the merely offensive type of touching would not qualify as a crime of violence.  The BIA rejected that argument, reasoning that the Massachusetts crime of indecent assault and battery on a person fourteen or older by its nature presented a substantial risk that the perpetrator would use force to overcome the victim's lack of consent.  Accordingly, the BIA affirmed.

On petition for review, Ramirez contends that the BIA committed a legal error in holding that Mass. Gen. Laws ch. 265, § 13H by its nature involves a substantial risk of the use of physical force against the victim.  The question of whether a state crime is an aggravated felony is a question of law that we review de novo.  Conteh v. Gonzales, 461 F.3d 45, 52 (1st Cir. 2006), cert. denied, 127 S. Ct. 3003 (2007).

Deciding which specific convictions are covered by 8 U.S.C. § 1227(a)(2)(A)(iii) requires a look at a chain of federal definitional statutes. Section 1227(a)(2)(A)(iii) itself provides, "Any alien who is convicted of an <u>aggravated felony</u> at any time after admission is deportable." (Emphasis added.) To find out what an "aggravated felony" is, we must turn to 8 U.S.C. § 1101(a)(43), which contains a long list of crimes and types of crimes that are aggravated felonies. Only one item in that list concerns us here: "(F) a <u>crime of violence</u> (as defined in section 16 of Title 18, but not including a purely political offense) for which the term of imprisonment [sic][1] at least one year." (Emphasis added.) The search continues to 18 U.S.C. § 16, which defines "crime of violence" in two clauses:

(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
(b) any other offense that is a felony and that, <u>by its nature, involves a substantial risk that physical force against the person or property of another may be used</u> in the course of committing the offense.

(Emphasis added.) The BIA relied on subsection (b) only, and so it focused on the risk of the use of physical force, rather than whether the crime required actual, attempted, or threatened use of

---

[1]The omission of the verb from the statute makes it unclear whether the statute refers to the sentence actually imposed or the authorized sentence. The Third Circuit has interpreted the statute to refer to the sentence actually imposed. <u>Bovkun</u> v. <u>Ashcroft</u>, 283 F.3d 166, 170 (3d Cir. 2002) (Alito, J.). In this case, the sentence imposed exceeds one year.

-4-

such force.

Next, we must decide whether Ramirez's crime of conviction, Mass. Gen. Laws ch. 265, § 13H, falls within the category of crimes described in subsection 16(b), i.e., a felony that by its nature involves a substantial risk of the use of physical force. Ramirez does not dispute that his conviction was a felony. Section 13H does not define "indecent assault and battery on a person who has attained age fourteen," but only states that whoever commits that offense shall be punished. The definition of indecent assault and battery is supplied by judicial construction. The elements of indecent assault and battery are "intentional, unprivileged, and indecent touching of the victim." Commonwealth v. Oliveira, 760 N.E.2d 308, 310 n.4 (Mass. App. Ct. 2002); Commonwealth v. Lavigne, 676 N.E.2d 1170, 1172 (Mass. App. Ct. 1997). Lack of consent is also an element of the crime of indecent assault and battery on a person aged fourteen or older. Maghsoudi v. INS, 181 F.3d 8, 15 (1st Cir. 1999); Commonwealth v. Burke, 457 N.E.2d 622, 625 n.4 (Mass. 1983), abrogated in part by 1986 Mass. Acts ch. 187.

In Sutherland v. Reno, 228 F.3d 171 (2d Cir. 2000), the Second Circuit considered the very question of whether the Massachusetts crime of indecent assault and battery on a person who has attained the age of fourteen is a "crime of violence" under 18 U.S.C. § 16(b). The Second Circuit reviewed the elements of § 13H,

-5-

in particular the elements of indecency and lack of consent by the victim to the touching. Id. at 176-77. The court in Sutherland concluded, "Like the BIA, we are persuaded that any violation of Mass. Gen. Laws ch. 265, § 13H, by its nature, presents a substantial risk that force may be used in order to overcome the victim's lack of consent and accomplish the indecent touching." Id. at 176. The Second Circuit held that a conviction under § 13H was a "crime of violence" that rendered an alien removable. Id. at 177; accord United States v. Lepore, 304 F. Supp.2d 183, 185-89 (D. Mass. 2004); Sango-Dema v. Dist. Director, INS, 122 F. Supp.2d 213, 218-19 (D. Mass. 2000).

In United States v. Leahy, 473 F.3d 401 (1st Cir.), cert. denied, 128 S. Ct. 374 (2007), this Court considered the similar question of whether a violation of § 13H was a "violent felony" within the meaning of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii). Instead of a substantial risk of use of physical force, as is required by § 16(b), the Armed Career Criminal Act requires that a felony "involve conduct that presents a serious potential risk of physical injury to another." Id. (Emphasis added.) In Leahy, we followed the reasoning of Sutherland to conclude that in violations of § 13H, the need to overcome the victim's lack of consent would lead to a substantial risk of the use of physical force, as Sutherland held. From there, we further deduced that such use of physical force created a substantial risk

of physical injury.  473 F.3d at 411-12.  We therefore held that a conviction under § 13H was for a "violent felony."  Id.; see also United States v. Cadieux, 500 F.3d 37, 45-47 (1st Cir. 2007) (relying on Leahy and acknowledging its reliance on Sutherland; holding that conviction of Massachusetts crime of indecent assault and battery of a person under fourteen is for a "violent felony"), cert. denied, 2008 WL 423722 (Feb. 19, 2008); United States v. Holloway, 499 F.3d 114, 118 (1st Cir. 2007) ("violent felony" and "crime of violence" under U.S.S.G. § 4B1.1 are so similar that decisions interpreting one of the terms are relevant in construing the other).

Because the reasoning of Leahy includes the conclusion that Sutherland was correctly decided, we could not reverse this case without contradicting Leahy.  Moreover, we see no reason to disagree with Sutherland.

Therefore, in accordance with our reasoning in Leahy, 473 F.3d at 412, we DENY Ramirez's petition for review.