CYLE JONES & another[1] *vs.* CATHY JO MALONEY & another.[2]

No. 08-P-1499.

Middlesex. April 8, 2009. - August 3, 2009.

Present: KAFKER, GREEN, & GRAHAM, JJ.

*Collateral Estoppel. Indecent Assault and Battery. Massachusetts Tort Claims Act. Governmental Immunity. Negligence,* Public employee. *School and School Committee,* Liability for tort. *Emotional Distress.*

In an action brought by a student and his mother (plaintiffs) against a school district and an assistant principal of a high school (defendants), alleging negligence and intentional infliction of emotional distress arising out of the handling of an investigation leading to the student's conviction of indecent assault and battery on a classmate, the trial court judge did not err in allowing summary judgment in favor of the defendants on all counts, where, given that the student's criminal conviction had been affirmed on appeal, there was no basis for the plaintiffs to argue that the student had been convicted of an accidental or unintentional touching [748-749]; where the requirements for immunity from suit under G. L. c. 258, § 10(*j*), were met, in that the cause of the student's injury was his own proven criminal conduct, and not any action taken by the assistant principal in the course of the investigation [749-750]; and where, with regard to the plaintiffs' claim against the assistant principal for intentional infliction of emotional distress, the assistant principal's investigation of the matter was neither extreme nor outrageous, and if it was in any way incomplete or precipitous, it was at most negligent [750-751].

CIVIL ACTION commenced in the Superior Court Department on June 24, 2005.

The case was heard by *Christine M. McEvoy,* J., on a motion for summary judgment, and entry of final judgment was ordered by *Paul A. Chernoff,* J.

*Nelson P. Lovins (Brett D. Lovins* with him) for the plaintiffs.
*John J. Davis* for the defendants.

---

[1]Wendy Jones.

[2]Groton-Dunstable Regional School District. The counts involving the Town of Groton, Sheila McMullen, and Nicole McMullen were, as specified in the judge's decision, dismissed prior to the defendant's motion for summary judgment at issue here.

KAFKER, J. After being convicted of an indecent assault and battery on a classmate, the plaintiff, Cyle Jones (Cyle), and his mother, Wendy Jones, brought suit against the Groton-Dunstable Regional School District (school district) and the assistant principal of the Groton-Dunstable High School (high school) for negligence and intentional infliction of emotional distress arising out of the handling of the investigation leading to the conviction. In particular, the plaintiffs contended that the defendants negligently failed to notify the mother of the police investigation and act in loco parentis as provided in the school's rules and regulations. Summary judgment was allowed for the school and the assistant principal on all counts. We affirm.

*Background.* On January 8, 2003, a guidance counselor at the high school informed assistant principal Cathy Jo Maloney that a female student (victim) had complained that one male student had held her arms while Cyle, then age eighteen, had grabbed and squeezed her breasts. Upon receiving corroboration from that student and another student who witnessed the incident, Maloney questioned Cyle. Cyle at first denied touching the victim's breasts but later wrote in his first written statement that he had tickled the victim's upper stomach while another student held her hands. Maloney reported the incident to the school's resource officer, Officer Jason Goodwin of the Groton police department, who came to the school to interview Cyle.

The school's rules and regulations state that they "are for all students." They also contain the following provision:

*"Interrogations by Police*

"The schools have legal custody of students during the school day and during hours of approved extracurricular activities. It is the responsibility of the school administration to make an effort to protect each student's rights with respect to interrogations by law enforcement officials. Therefore:

"1. When law enforcement officials find it necessary to question students during the school day or periods of extracurricular activities, the school principal or his designee will be present. Every effort will be made to

contact the student's parent/guardian so that the responsible individual will be notified of the situation.

"2. If custody and/or arrest is involved, the principal will request that all procedural safeguards, as prescribed by law, and school policies, be observed by the law enforcement officials.

"3. This includes Parental/Guardian attendance at questioning if so desired by the Parent/Guardian."

Maloney was present during part of Officer Goodwin's interview with Cyle but left before it was completed. Although the parties dispute whether Cyle insisted that Maloney not inform his mother of the police interview, it is undisputed that she was not informed at that time. After the interview, Cyle gave a second written statement to Officer Goodwin in which Cyle admitted he "grabbed [the victim's] upper stomach and a portion of her breast tick[l]ed her for a second and stopped." Maloney initially suspended Cyle for five days for two violations of the school's anti-harassment policy. Thereafter, the school principal suspended Cyle indefinitely. Cyle did not appeal the indefinite suspension.[3]

At Cyle's subsequent criminal trial in May, 2003, the trial judge found beyond a reasonable doubt that Cyle's statement was (1) voluntary; (2) made without duress; and (3) made after being advised of his constitutional and statutory rights. A District Court jury convicted Cyle on one count of indecent assault and battery and this court affirmed. *Commonwealth* v. *Jones*, 65 Mass. App. Ct. 1109 (2005).

Cyle and his mother commenced the present action alleging, as presently material, claims of negligence (count two) and negligent infliction of emotional distress (count six) against the school district, and intentional infliction of emotional distress (count eight) against Maloney. The gist of the complaint was that the school district, through Maloney's actions, negligently

---

[3]Cyle is also a special needs student with an individualized education program for learning and developmental disabilities. A manifestation determination hearing was conducted pursuant to 34 C.F.R. § 300.530(e)(1) (2008). At that hearing it was determined that his disability did not impair his ability to control the behavior resulting in the disciplinary action. This determination was not appealed.

handled the investigation and violated the school's policies by not having someone present in the room at all times during the police questioning of Cyle. These actions also resulted in emotional distress. In a thorough decision, a Superior Court judge allowed the defendants' motion for summary judgment, ruling that the defendant school district was immune from suit on the negligence counts under G. L. c. 258, § 10(*j*). The judge also ruled that the plaintiffs could not prevail against Maloney for intentional infliction of emotional distress "because they have proffered no facts to support the allegation that Maloney's handling of the incident was extreme and outrageous."

*Discussion.* Our analysis must begin with Cyle's criminal conviction for indecent assault and battery. That conviction, after trial, has been affirmed on appeal. The plaintiffs cannot contest the validity of that conviction in this forum. See *Aetna Cas. & Sur. Co.* v. *Niziolek*, 395 Mass. 737, 742 (1985) ("We hold . . . that a party to a civil action against a former criminal defendant may invoke the doctrine of collateral estoppel to preclude the criminal defendant from relitigating an issue decided in the criminal prosecution"); *Fidelity Mgmt. & Research Co.* v. *Ostrander*, 40 Mass. App. Ct. 195, 198, 199 (1996) (summary judgment properly granted for defendant in civil action where plaintiff was collaterally estopped from relitigating jury findings from and facts proven at plaintiff's criminal trial); *Costa* v. *Fall River Hous. Authy.*, 71 Mass. App. Ct. 269, 283 (2008), *S.C.*, 453 Mass. 614 (2009) ("A finding of guilt by trial is conclusive of the same factual issues in any later civil litigation"); Restatement (Second) of Judgments § 85(2) (1982) ("With respect to issues determined in a criminal prosecution . . . [a] judgment in favor of the prosecuting authority is preclusive in favor of a third person in a civil action . . . [a]gainst the defendant in the criminal prosecution . . .").

Consequently, we reject the plaintiffs' argument that Cyle was convicted for an accidental or "unintentional" touching. An indecent assault and battery is "an intentional, unprivileged and indecent touching of the victim." *Commonwealth* v. *Mosby*, 30 Mass. App. Ct. 181, 184 (1991), quoting from *Commonwealth* v. *Perritti*, 20 Mass. App. Ct. 36, 43-44 (1985); *Commonwealth* v. *Oliveira*, 53 Mass. App. Ct. 480, 482 n.4 (2002). We also

reject any other arguments, to the extent that they are made, that he was unjustly convicted.[4]

The plaintiffs nonetheless argue that the school's failure to comply with its rules and regulations denied Cyle greater protection than the criminal law provides and caused him injury. According to G. L. c. 258, § 10(*j*), inserted by St. 1993, c. 495, § 57, the Commonwealth shall remain immune from suit for "any claim based on an act or failure to act to prevent or diminish the harmful consequences of a condition or situation, including the violent or tortious conduct of a third person, which is not originally caused by the public employer or any other person acting on behalf of the public employer." In the instant case, the requirements of § 10(*j*) immunity are met. The plaintiffs' claim is based on alleged shortcomings in the assistant principal's investigation of the sexual assault and her failure to call the mother regarding the police investigation or to act in loco parentis during the police interview. Thus, the claim is based on an alleged failure to act to prevent or diminish the harmful consequences of a condition or situation. The Commonwealth did not originally cause the harmful conditions or situation, that is his exposure to criminal prosecution and eventual conviction; rather Cyle's groping of his classmate is the original cause.

The immunity provided by G. L. c. 258, § 10(*j*), shall not apply, however, to "any claim based upon the intervention of a public employee which causes injury to the victim or places the victim in a worse position than he was in before the intervention." G. L. c. 258, § 10(*j*)(2), inserted by St. 1993, c. 495, § 57. To the extent that Cyle claims that his injury is his conviction, we conclude that § 10(*j*)(2) provides no relief. The cause of Cyle's injury is Cyle's own proven criminal conduct, not any "inter-

---

[4]We note that, as an eighteen year old, under the criminal law, Cyle need not be afforded an opportunity to consult with a parent or guardian prior to the waiver of his Miranda rights. See generally G. L. c. 231, § 85P, inserted by St. 1975, c. 315, § 1 ("any person . . . who has reached the age of eighteen shall for all purposes . . . be deemed of full legal capacity unless legally incapacitated for some reason other than insufficient age"). Furthermore, in the course of the criminal proceedings the judge found that the defendant knowingly and voluntarily waived his Miranda rights. The waiver was not even challenged on appeal. In sum, the criminal conviction is final, there are no unresolved issues, and Cyle and his mother are collaterally estopped from challenging the propriety of that conviction in this civil case.

vention" by the assistant principal. The assistant principal's failure to take various actions, including contacting the mother, also cannot be considered an act of intervention under § 10(*j*)(2). See generally *Bonnie W.* v. *Commonwealth*, 419 Mass. 122, 126-127 (1994) (affirmative act of negligently recommending convicted rapist for maintenance position); *Serrell* v. *Franklin County*, 47 Mass. App. Ct. 400, 403-405 (1999) (correction officers' affirmative act of pushing iron gate against plaintiff in course of trying to subdue inmate). Moreover, Cyle is not a "victim" here. See generally *Driscoll* v. *Board of Trustees of Milton Academy*, 70 Mass. App. Ct. 285, 291 (2007) (plaintiff in tort action against private school, who was a perpetrator of a statutory rape, was not a victim).[5,6]

Finally, summary judgment was properly allowed on the plaintiffs' claim for intentional infliction of emotional distress against the assistant principal. To prevail on a claim of intentional infliction of emotional distress, the plaintiffs must be able to establish "(1) that the defendant intended to cause, or should have known that [her] conduct would cause, emotional distress; (2) that the defendant's conduct was extreme and outrageous; (3) that [it] caused the plaintiff[s'] distress; and (4) that the plaintiff[s] suffered severe distress." *Howcroft* v. *Peabody*, 51 Mass. App. Ct. 573, 596 (2001). "To be considered extreme and outrageous, the defendant's conduct must be 'beyond all bounds of decency and . . . utterly intolerable in a civilized community.' " *Vittands* v. *Sudduth*, 49 Mass. App. Ct. 401, 410 (2000),

---

[5]We also reject the conclusory argument that suggests that the school discipline would not have been imposed had the assistant principal conducted a more thorough and impartial investigation. The plaintiffs did not appeal the discipline decision or the manifestation determination. As explained above, the indecent assault and battery has also been established beyond a reasonable doubt at a criminal trial. Moreover, there was ample evidence before the school officials, including the testimony of a number of witnesses besides Cyle and the victim to support the discretionary disciplinary decision here, particularly in light of Cyle's disciplinary problems in the past. See, e.g., *Doe* v. *Superintendent of Schs. of Stoughton*, 437 Mass. 1, 5 (2002) (courts "must grant school officials substantial deference in their disciplinary choices"). His prior disciplinary problems included two incidents of harassment, a threat, inappropriate touching, and numerous other offenses.

[6]The motion judge also decided that the school owed no duty to Cyle or his mother. Given that the plaintiffs' claims fail pursuant to the § 10(*j*) immunity analysis, we need not decide this question and do not do so.

quoting from *Sena* v. *Commonwealth*, 417 Mass. 250, 264 (1994). There was nothing extreme and outrageous about the assistant principal's investigation. It involved interviewing both the victim and the perpetrator as well as witnesses. If it was in any way incomplete or precipitous, it was at most negligent. "If, notwithstanding characterization of the acts as intentional, the complaint in fact alleges only negligent behavior, the claim is barred under G. L. c. 258, § 2." *Parker* v. *Chief Justice for Admn. & Mgmt. of the Trial Ct.*, 67 Mass. App. Ct. 174, 181 (2006).

*Judgment affirmed.*