COMMONWEALTH *vs.* DONALD GOSS. No. 95-P-1572. December 2, 1996. *Rape. Evidence,* Fresh complaint. *Practice, Criminal,* Instructions to jury, Examination of jurors, Argument by prosecutor.

The defendant is entitled to a new trial, as his conviction on an indictment charging forcible rape of a minor child (see G. L. c. 265, § 22A) must be set aside for the reason, if no other, that the mandate of *Commonwealth* v. *Licata,* 412 Mass. 654, 660 (1992), was not complied with. See also in this regard, *Commonwealth* v. *Almon,* 30 Mass. App. Ct. 721, 724-726 (1991).

1. *Limiting instructions.* When the victim's mother was called as a Commonwealth witness, the prosecutor elicited from her on direct examination that eighteen months after the incident, she was told by the victim that a male family member, without identifying him, had molested her. The mother was not called as a fresh complaint witness, nor did the Commonwealth offer her as such. The Commmonwealth took the position at trial, as it does on appeal, that the mother's testimony was admissible either as rehabilitative evidence or under the doctrine of verbal completeness. We think the mother's testimony was in essence fresh complaint. In that regard, the toxicity could be removed only by prompt limiting instructions, which were not given, although, admittedly, not requested.[1] However, in a close case, as here, where the credibility battle lines are so clearly drawn (i.e., two defense witnesses who were in close proximity on the day of the incident provided directly contradictory testimony), we cannot say with confidence that there was no substantial risk of a miscarriage

---

[1]"The trial judge should [have] instruct[ed] the jury as the evidence [was] admitted and again during the jury instructions that fresh complaint testimony does not serve as substantive evidence that the crime in fact occurred." *Commonwealth* v. *Licata,* 412 Mass. at 660.

of justice.[2] See *Commonwealth* v. *Almon, supra.* Contrast *Commonwealth* v. *Vieux, ante* 526, 533-535 (1996).

2. *Other matters which may occur at a retrial.* We touch upon only those matters that are likely to recur at a new trial.

(a) The judge's questioning of witnesses was not improper per se, but if such questioning is deemed necessary to clarify matters for the jury, the examination must be done sparingly in a nonpartisan and unbiased manner. See *Commonwealth* v. *Marangiello,* 410 Mass. 452, 461 (1991).

(b) The decision to stipulate that the defendant served time in jail or how otherwise to treat that issue, viewed in context, falls within the realm of reasonable tactical judgment. (It would be advisable for defense counsel to explore fully with the defendant the possible ramifications of any such strategy.)

(c) As to the prosecutor's closing speech, it cannot be said too often that careful preparation is the cornerstone of proper argument. It cannot be gainsaid that references to matters not in evidence are improper. See *Commonwealth* v. *Kozec,* 399 Mass. 514, 522 (1987). Likewise, assertions beyond common knowledge that are without expert testimonial support must be avoided. Cf. *Commonwealth* v. *Colin C.,* 419 Mass. 54, 60 (1994).

*Judgment reversed.*

*Verdict set aside.*

*Melissa P. White* for the defendant.

*Margaret Perry,* Assistant District Attorney, for the Commonwealth.

---

[2]This risk was enhanced by the judge's instruction responding to the jury question "[h]ow much weight should be given to unsworn testimony versus sworn testimony?" The judge answered: "It is up to you to determine how much weight to give to whatever statements that you have heard in evidence." This instruction allowed the jury to consider the victim's statements to her mother as substantive evidence and not merely for corroborative purposes.