## COMMONWEALTH *vs.* JOSHUA LYONS.

No. 07-P-42.

Hampden. March 11, 2008. - May 7, 2008.

Present: LENK, GELINAS, & FECTEAU, JJ.

*Indecent Assault and Battery. Evidence,* First complaint. *Self-Defense. Practice, Criminal,* Instructions to jury.

At the trial of a criminal complaint charging the defendant with indecent as-
sault and battery, the judge erred in admitting in evidence the testimony of
a police officer to whom the complainant spoke of the assault, where the
complainant had previously reported the assault in a 911 telephone call, a
tape recording of which was played to the jury; moreover, in a case where
credibility was of central importance, the error was prejudicial. [672-674]
At the trial of a complaint charging the defendant with indecent assault and
battery, the judge erred in withdrawing an instruction, previously given to
the jury, on self-defense, where the judge had instructed on simple assault
and battery as a lesser included offense, and where both indecent assault
and battery and simple assault and battery require the Commonwealth to
disprove justification or excuse, and the evidence in this case supported
such an instruction. [674-676]

COMPLAINT received and sworn to in the Westfield Division of
the District Court Department on June 22, 2005.

The case was tried before *Philip A. Contant,* J.

*Craig R. Bartolomei* for the defendant.

*Sidney E. Reavey,* Assistant District Attorney, for the Com-
monwealth.

FECTEAU, J. The defendant appeals from a jury conviction in
District Court of the offense of indecent assault and battery on a
person who has attained the age of fourteen years. The defendant
argues that admission of the testimony of a police officer whom
the complainant told of the assault after she had previously
reported it in a 911 call violated the "first complaint" rule as
then newly established in *Commonwealth* v. *King,* 445 Mass.

217 (2005), cert. denied, 546 U.S. 1216 (2006).[1] He also complains that an instruction that the first complaint testimony could only be used to evaluate the complainant's credibility was not contemporaneously given as required. Among other errors claimed are the judge's withdrawal of an instruction on self-defense that had been given at the defendant's request, the prosecutor's closing statements on the issue of self-defense, and the admission of evidence of prior bad acts. We reverse the conviction, set aside the verdict, and remand the case for further proceedings.

*Discussion.* 1. *First complaint.* At trial, the Commonwealth proffered evidence of more than one out-of-court statement by the complainant regarding the alleged indecent assault and battery. The complainant's first complaint was to a 911 operator on a tape-recorded telephone call made shortly after the alleged assault. This recording was played to the jury during the complainant's testimony. (The 911 operator did not testify.) Testimony followed from two police officers who responded to the complainant's 911 call. One of them, Officer Petrangelo, testified over objection to the fact and contents of the complainant's report to her of the assault and to the complainant's demeanor at the scene.

In *Commonwealth* v. *King, supra* at 218-219, the Supreme Judicial Court announced a new rule prospectively governing the admission of the out-of-court statements of a sexual assault complainant, formerly referred to as "fresh complaint" statements, as they pertain to that complainant's credibility. The court instructed that, with certain exceptions, the first complaint can be the only complaint allowed in evidence, and testimony from multiple complaint witnesses would no longer be permitted in trials following this decision. *Id.* at 219, 242-244. Exceptions to this rule have come to include when the first complaint was, in effect, not a complaint; when a sufficient showing was made that the first person told of the assault was biased against the complainant; and when the first person told of the alleged assault is unavailable, incompetent, or too young to testify meaningfully. *Commonwealth* v. *Murungu,* 450 Mass. 441, 445-446 (2008). When

---

[1]The trial of this case occurred two months following the issuance of the *King* opinion.

an exception applies, a later complaint witness's testimony may be presented in substitution for, but not in addition to, the first witness's testimony, after preliminary justification is established following an in limine or voir dire proceeding. See *Commonwealth* v. *King, supra* at 243-244; *Commonwealth* v. *Murungu, supra.*

The Commonwealth argues, notwithstanding the lack of prior authorization, that it was rightly permitted to present Officer Petrangelo's testimony because the admitted tape of the complainant's 911 call provided comparably less information of the surrounding circumstances, including the complainant's demeanor. Contrary to that suggestion, however, in *Commonwealth* v. *Murungu*, 450 Mass. at 446, the court explained that "these exceptions to the first complaint doctrine" do not amount to a relaxation of the rule "so that the Commonwealth may pick and choose among various complaint witnesses to locate the one with the most complete memory, the one to whom the complainant related the most details, or the one who is likely to be the most effective witness." Additionally, in *Commonwealth* v. *Stuckich*, 450 Mass. 449, 455-456 (2008), the court held that a letter written by the complainant can and should be considered the "first complaint" if it came first in time. If so, "that is the end of the matter." *Id.* at 456. There is no question that the complainant made the 911 call before talking with Officer Petrangelo. Nor do the parties contest that the 911 call was properly admitted as the complainant's first complaint evidence.

Despite the Commonwealth's assertion that Officer Petrangelo was the first "live" witness, it did not seek to substitute her testimony for the 911 call. Moreover, the tape recording of this call did contain evidence of the complainant's demeanor, emphasized to the jury during the prosecutor's closing: "You heard the tape that was entered into evidence. . . . [Y]ou can hear what she sounded like. She was upset. She said she felt she was violated. She was crying. The officers both testified what her demeanor was when they arrived on the scene." Accordingly, it was error to allow Officer Petrangelo to testify as an additional complaint witness.[2]

In this case, wherein credibility was of central importance,

---

[2]Also excludable was Officer McDonnell's passing comment in his testimony

we cannot be sure "that the error did not influence the jury, or had but very slight effect." *Commonwealth* v. *Flebotte*, 417 Mass. 348, 353 (1994), quoting from *Commonwealth* v. *Peruzzi*, 15 Mass. App. Ct. 437, 445 (1983). The defendant testified that he had not touched the complainant as she had described. There were no other witnesses who testified that they had seen the alleged touching. The presentation of the officer's testimony in addition to the 911 tape "likely serve[d] no additional corroborative purpose," and may have unfairly enhanced the complainant's credibility and prejudiced the defendant. *Commonwealth* v. *King, supra* at 243. In that vein, the judge should also have given a limiting instruction contemporaneous with the admission of any first complaint testimony.[3] Finally, this was not a jury-waived trial, where we would "presume that the judge was not affected, as a jury might be, by the testimony of two complaint witnesses." *Commonwealth* v. *Murungu, supra* at 448. Thus, we find prejudicial error in the admission of the officer's testimony and we reverse on that basis.[4] However, we also address the next issue, which may arise in the event of a retrial.

2. *Withdrawal of the instruction on self-defense.* At the

---

that, upon his arrival at the scene, the complainant stated that the defendant had assaulted her.

[3] In *Commonwealth* v. *King*, 445 Mass. at 248, citing *Commonwealth* v. *Licata*, 412 Mass. 654, 660 (1992), the court noted that a limiting instruction should be given to the jury at the time that the first complaint testimony is admitted, followed by complete final instructions that include a first complaint instruction. The sole first complaint instruction in this case came as a part of the jury's full and final instructions at the trial's conclusion, which happened to be on the same day as the evidence's admission. Furthermore, the judge's instruction may have left the jury confused as to whether it applied to the 911 recording or the officer's testimony. Although the instruction was a virtually verbatim recitation of that suggested in *Commonwealth* v. *King, supra* at 247-248, which explains that first complaint evidence is admissible from the first person told of the complaint, it did not specifically refer to either the 911 call or Officer Petrangelo's testimony as being the first complaint evidence.

[4] We do not intend by this discussion to suggest that observations that police make at crime scenes, including those of alleged victims of sexual assaults, are never admissible, as there may be purposes for such testimony that render it relevant to some aspect of the case independent of the first complaint rule. See *Commonwealth* v. *King*, 445 Mass. at 246 n.26. We also recognize that there may be occasions in which the statement of a victim may be admissible independent of the first complaint rule; no such argument was made here. See Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975).

defendant's request, and without objection by the prosecutor, the judge instructed on self-defense. Later, but prior to the start of jury deliberations, the prosecutor objected to the instruction, apparently on the ground that self-defense is not a defense to the charge of indecent assault and battery. Following argument on this point, the trial judge withdrew the instruction from the jury's consideration. No defense objection appears on the record before us.

The prosecutor's contention, apparently accepted by the trial judge, is that self-defense is only available to one charged with assault and battery, not indecent assault and battery. This ignores two salient factors. First, at the Commonwealth's request, the jury were given an instruction on assault and battery as a lesser included offense to the charge of indecent assault and battery, a charge to which self-defense clearly applies, as the Commonwealth conceded both in its closing argument at trial and in its brief on appeal. Second, both indecent assault and battery and simple assault and battery call for the Commonwealth to disprove justification or excuse, if either are raised in the evidence. See *Commonwealth* v. *Holman*, 51 Mass. App. Ct. 786, 792-793 (2001). Self-defense is a form of justifiable physical contact. The Commonwealth has presented no binding legal authority indicating that a "touching of portions of the anatomy commonly thought private" can never occur during a justifiable act of self-defense. *Commonwealth* v. *Gilmore*, 399 Mass. 741, 747 (1987), quoting from *Commonwealth* v. *Thayer*, 20 Mass. App. Ct. 234, 238 (1985).

If, at the time of the instructions, the evidence permitted only one view — that, in accordance with the testimony of the complainant, the defendant initiated the first contact by touching her buttocks and breast, followed by her physical attack of the defendant in response — we do not think that an instruction on self-defense would have been sufficiently supported.

The testimony in this case, however, supported another view. The defendant tried the case on the basis that any contact between him and a sexually private area of the complainant occurred when he tried to push her off and away from him during a scuffle. The defendant testified that the complainant initiated the scuffle in response to the defendant's asking her to leave the

house. The defense attorney's closing argument centered on this event as the only time that physical contact had occurred and that the defendant was only trying to defend himself from the complainant's aggressive physical confrontation. Thus, the defendant contends that to withdraw the self-defense instruction, in the manner in which it was done, unfairly undermined his defense and his credibility.

"A defendant is entitled to a self-defense instruction if any view of the evidence would support a reasonable doubt as to whether the prerequisites of self-defense were present. . . . In determining whether sufficient evidence of self-defense exists, all reasonable inferences should be resolved in favor of the defendant, and, no matter how incredible his testimony, that testimony must be treated as true." *Commonwealth* v. *Pike*, 428 Mass. 393, 395 (1998). The defendant's version of events supported such an instruction, especially when coupled with the Commonwealth's request for an instruction on the lesser included offense of assault and battery. Accordingly, it was error to withdraw the instruction.[5]

The judgment is reversed, the verdict is set aside, and the case is remanded for further proceedings consistent with this opinion.

*So ordered.*

---

[5]Given our conclusion that reversal is necessary for the reasons given in part 1 of this opinion, it is unnecessary to discuss extensively the defendant's contention that the prosecutor exceeded the bounds of proper argument when she suggested that the justification of self-defense was unavailable to one charged with indecent assault and battery, and that the defendant's version of events was implausible because he did not seek criminal charges against the complainant for her assault. Such remarks were improper as beyond the scope of the evidence and should not have been made. Also, in light of the result we reach, we need not now consider the remaining claims of error.