Following a jury-waived trial in the District Court, the defendant was convicted of indecent assault and battery on a person under the age of fourteen, G. L. c. 265, § 13B. On appeal, he claims that the judge erroneously allowed the victim's mother to testify as a first complaint witness and then restricted defense counsel's cross-examination of her, preventing the defendant from exposing the mother's bias and motive to lie. He further argues that the admission of multiple first complaint testimony requires reversal of his conviction. We affirm.
Background. The judge could have found the following facts. The victim, whom we shall call Fran,[2] was thirteen years old at the time of the incident. She was living with her mother and sister in an apartment on the second floor of a two story home in Revere. The home was owned by the defendant and his family, who lived on the first floor. On June 6, 2015, Fran was cleaning the apartment when the defendant knocked on the door. He told Fran that he had come to fix a light in a storage room. Upon entering the apartment, the defendant asked Fran where her mother and sister were. She told the defendant that they were at work, after which the defendant went into the storage room where he remained briefly before coming back into the kitchen where Fran was standing. The two were speaking when the defendant grabbed Fran by the waist, gave her a "side hug," and attempted to kiss her. Fran turned her face and the defendant kissed her cheek. The defendant grabbed Fran again as she was trying to push him away and held her in a "bear hug." He then touched Fran on her buttocks with his hand. At some point during the episode, the defendant offered to give Fran a graduation gift or some money, but asked her not to tell her mother. Eventually, the defendant left and Fran slammed and locked the door behind him.
Fran went to her bedroom and locked herself inside. She then called her mother and told her what had happened. The mother immediately left work and returned home. She and Fran spoke with the police at their apartment that same day. The police then spoke with the defendant, who consented to an interview at the police station. He acknowledged that he was in the apartment, but denied that he had kissed or touched Fran. A video recording of his interview was played for the judge and admitted in evidence.
The defendant did not testify at trial, but pursued a trial strategy of undermining the credibility of the Commonwealth's witnesses through cross-examination. The defendant also presented evidence, through the testimony of his son, which he claimed demonstrated that Fran had fabricated the assault in retaliation for an incident which had occurred one week earlier.[3]
Discussion. 1. First complaint. At trial, the mother testified as a first complaint witness.[4] The defendant argues that such evidence is inadmissible where, as here, the victim immediately reports the assault and a judge is the trier of fact. Because the defendant did not object to the mother's testimony on this ground, "we review to determine whether there was error and, if so, whether the error created a substantial risk of a miscarriage of justice." Commonwealth v. Niels N., 73 Mass. App. Ct. 689, 699 (2009). We discern no error, much less one that created a substantial risk of a miscarriage of justice.
The first complaint doctrine "exists to facilitate credibility determinations where an allegation of sexual assault is at issue." Commonwealth v. Mayotte, 475 Mass. 254, 260 (2016). It "is a neutral rule of evidence,"ibr.US_Case_Law.Schema.Case_Body:v1">5 id. at 255, which applies to bench and jury trials alike. "[T]he doctrine gives the fact finder'the maximum amount of information with which to assess the credibility of the ... complaint evidence as well as the over-all credibility of the victim' " (emphasis supplied). Commonwealth v. Aviles, 461 Mass. 60, 72 (2011), quoting from Commonwealth v. Licata, 412 Mass. 654, 659 (1992). Indeed, "[t]he issue of witness credibility is the same" whether the case is tried before a judge or a jury.[6] Mayotte, supra at 260. As the Commonwealth notes in its brief, first complaint testimony has often, and appropriately, been introduced and considered in bench trials. See Commonwealth v. Murungu, 450 Mass. 441, 448 (2008). The fact that the assault was immediately reported is of no consequence, because our cases do not limit the admissibility of fresh complaint evidence to situations where there is a delay in reporting. See ibr.US_Case_Law.Schema.Case_Body:v1">id. at 444 (assault reported morning after it had occurred); Commonwealth v. McCoy, 456 Mass. 838, 840 (2010) (rape immediately reported). See also Commonwealth v. Kennedy, 478 Mass. 804, 814 (2018) (highlighting "continued need" for first complaint testimony in sexual assault cases because "[q]uestions involving a complainant's credibility ... may be at issue even absent any delay in disclosure"). In short, the judge did not abuse his discretion by admitting the first complaint testimony.
2. Multiple complaint testimony. Next, the defendant argues that the judge erred in allowing the testimony of multiple first complaint witnesses. He claims that there was a "piling on" of first complaint testimony by Fran, her mother, and a Revere police detective. See Commonwealth v. King, 445 Mass. 217, 242-243 (2005), cert. denied, 546 U.S. 1216 (2006). Because the defendant did not object, we review the alleged error to determine whether there was a substantial risk of a miscarriage of justice.
Assuming without deciding that the challenged testimony was inadmissible under the first complaint doctrine, "we presume that the judge was not affected, as a jury might be, by the [additional] testimony." Murungu, supra. The defendant has given us no reason to depart from that presumption. To the extent there was any error, it was nonprejudicial.
3. Cross-examination. Finally, the defendant argues that the judge impermissibly restricted his ability to cross-examine Fran's mother to establish her bias, prejudice, and motive to lie. During his cross-examination, defense counsel asked the mother if she had filed a small claims case against the defendant. The Commonwealth objected on relevance grounds. The judge overruled the objection, stating, "[I]t may have something to do with bias, credibility, that type of thing, so I'll allow it." The mother responded that she had filed a small claims case against the defendant. Defense counsel then asked the mother whether she had consulted with attorneys in regard to bringing a civil case against the defendant, to which the mother replied that she had not. Defense counsel asked the mother whether she could "see two ladies sitting in this courtroom" and whether they were the mother's "civil lawyers." The mother responded, "They're just listening." Counsel continued, "How do you know them? Did you hire them as your civil lawyers?" The mother replied, "No. We just communicated and she's here because of the case and that's it." Counsel asked, "What case?" and the mother stated, "I don't know. She might be investigating something, I don't know." Counsel then posed the question whether the mother believed a conviction would help with her civil case. The judge interjected, stating, "I'm going to exclude that. That's just speculation." Defense counsel made no objection and moved on to another topic.
The defendant now claims that the judge violated his right to confront witnesses against him by curtailing his cross-examination of the mother regarding her pecuniary motive. His claim fails for two reasons. First, the judge permitted trial counsel to inquire about the small claims law suit the mother filed against the defendant. Second, a judge has discretion to limit cross-examination of a witness "where the offered evidence is 'too speculative.' " Commonwealth v. Avalos, 454 Mass. 1, 7 (2009), quoting from Commonwealth v. Tam Bui, 419 Mass. 392, 402, cert. denied, 516 U.S. 961 (1995). Here, defense counsel's question regarding whether a conviction would benefit the mother's civil case [of which there was no evidence or offer of proof] called for speculation. In these circumstances, we discern no abuse of discretion in the judge's termination of the line of questioning regarding the filing of a civil law suit.
Judgment affirmed.

A pseudonym.

The son testified that he and the defendant had returned to the house around 3:30-4:00 a.m. on Saturday, May 31, and saw four male "kids" leaving Fran's apartment. Fran's mother was not home at the time. The following Friday, which was the day before the incident, the son heard Fran and her mother fighting. The son heard Fran say, "I can't wait to leave this house, can't wait to move out." Defense counsel argued in closing that Fran's complaint, made one day later, was "some kind of retaliation" for the Friday conversation with her mother.

The mother testified that Fran called her at work on June 6, 2015, and told her that "the man from downstairs" had knocked on the door and said that he needed to change a light bulb. The mother relayed Fran's statements that the man "kept trying to get close to me and to kiss me and he kept following me and I was asking him to leave and he kept saying, give me a kiss, give me a kiss." Fran "said that she moved away from where she was and that's when she said that he struck her on her butt or touched her butt." Fran told her mother that the man said that Fran "was almost finished with eighth grade and that he needed to give her a gift." When Fran "said no he said, 'I'm going to give you money, but don't tell your mother because your mother gets very mad.' "

While courts continue to refer to the first complaint doctrine as an evidentiary "rule," the Supreme Judicial Court has stated that it "view[s] the doctrine as a body of governing principles to guide a trial judge on the admissibility of first complaint evidence." Commonwealth v. Aviles, 461 Mass. 60, 73 (2011).

Just like a jury, a judge may make "inaccurate assumptions regarding stereotypes about delayed reporting of a sexual assault or about sexual assault victims in general." Commonwealth v. King, 445 Mass. 217, 240 (2005), cert. denied, 546 U.S. 1216 (2006).