NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1345

COMMONWEALTH

vs.

PARNEL BOGARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a jury trial, the defendant was convicted of rape. On appeal, the defendant claims errors in:  the admission of evidence that he maintains violated the first complaint rule; the absence of a contemporaneous first complaint jury instruction; the admission of evidence regarding his indictment; and the prosecutor's closing argument.  Although none of these claims were preserved at trial, the defendant claims they resulted in a substantial risk of miscarriage of justice.  We affirm.

1.  First complaint.  The defendant claims that several portions of the first complaint testimony violated the first complaint doctrine.  The first claimed violation is that the

first complaint witness's testimony contained details that exceeded the scope of the victim's testimony. In particular, the defendant claims that the witness reported that the victim told the defendant "no," to "stop," and to "get off," but the victim herself did not testify to these details. At oral argument, defense counsel essentially withdrew this claim as it was not supported by the record. The victim actually did testify to having said these words to the defendant. In any event, first complaint testimony need not replicate precisely the victim's own testimony as the rule tolerates some inconsistency. Commonwealth v. Rivera, 83 Mass. App. Ct. 581, 586-587 (2013). See Commonwealth v. King, 445 Mass. 217, 235 (2005), cert. denied, 546 U.S. 1216 (2006).

The defendant next claims that the first complaint witness impermissibly testified to the victim's complaints to other people. Specifically, the witness testified that after hearing the victim's complaint they contacted a "lawyer friend" to discuss the victim's "options." Thereafter, they went to the police station, and both gave statements to the police. The defendant claims this testimony enhanced the victim's credibility and prejudiced him. We need not determine whether it was error to admit this testimony where its admission did not create a substantial risk of a miscarriage of justice.

2

In light of the defense of fabrication, the first complaint witness's explanation of the discussions that occurred in the aftermath of the complaint, i.e., speaking to an attorney about the available "options," without ever going so far as to testify that they "told" the lawyer, or said "what happened," would have had little if any impact in bolstering the victim's credibility. Contrast Commonwealth v. Arana, 453 Mass. 214, 222-223 (2009) (witness testified that he spoke to victim nightly "about what happened"). Relative to reporting the matter to the police, the first complaint witness testified to only limited details of what was said to the police, i.e., that she told the police that the victim said she had been raped. However, this was no more than what defense counsel told the jury in her opening statement.

Despite this, the defendant also claims that the first complaint witness put details of the investigative process before the jury. However, the defendant put the investigative details before the jury in his opening statement and his closing argument to maintain that, despite experienced detectives conducting a thorough investigation, police chose not to charge the defendant. This further illustrates how the defendant suffered no prejudice, and no substantial risk of a miscarriage of justice was created.

3

The defendant next claims that the first complaint witness improperly described her response to the victim's complaint.  In particular, he claims that the testimony that the witness was "in shock" when the victim made the complaint was irrelevant and improperly appealed to the jury's sympathies.  We disagree.

In general, a first complaint witness's emotional response to a victim's disclosure of a sexual assault is not relevant.  See Commonwealth v. Quincy Q., 434 Mass. 859, 875 (2001).  However, if there is an independent purpose for the evidence, it may be admitted.  Here, the witness stated that "I was just in shock, and was just listening to what she had to say, but I don't really remember the details, it's been a long time."  Thus, in context, the witness's testimony regarding her shock was relevant to her inability to recall the details of the complaint, and was not an attempt to buttress the victim's credibility.[1]

2.  Lack of a contemporaneous jury instruction.  The defendant also claims that the lack of a contemporaneous first complaint limiting instruction prior to the victim's or the first complaint witness's testimony resulted in a substantial risk of miscarriage of justice.  We disagree.

---

[1] The defendant also claims the cumulative effect of the first complaint violations created a substantial risk of a miscarriage of justice.  Having found no individual violation created such a risk, the argument is without merit.

"[A]lthough a contemporaneous [first] complaint instruction is recommended, it is 'not a strict requirement.'" Commonwealth v. Lewis, 91 Mass. App. Ct. 651, 663 (2017), quoting Commonwealth v. Edward, 75 Mass. App. Ct. 162, 166 (2009). Here, the victim's testimony regarding her report of the rape to the first complaint witness was very brief, and without detail. The first complaint witness's testimony was also brief and focused primarily on the victim's demeanor at the time of her complaint. Her account was devoid of any details of the victim's complaint because she did not "remember the details, [and it had] been a long time." When asked if the victim stated it was consensual, the witness could not remember the "exact words" the victim used, but it was likely the victim gave her a description. Given the victim's demeanor, the witness understood it was not consensual, but she did not "recall the specifics of what [the victim] described."

The first complaint witness was the last witness to testify at the defendant's trial. After closing arguments, the judge gave his final instructions to the jury. Those instructions included a limiting instruction on the proper use of first complaint evidence, and the defendant does not claim otherwise. Although the instruction was not contemporaneous with the first complaint testimony, it occurred in fewer than two hours after that witness testified. Even though the victim's brief account

5

of telling her roommate what had occurred was evidence the jury heard earlier in the trial, we still must presume the jury followed the judge's instruction limiting the proper use of that evidence. Lewis, 91 Mass. App. Ct. at 664. To the extent it was error to not give the instruction contemporaneously with the first complaint testimony, that error did not create a substantial risk of a miscarriage of justice. Contrast Commonwealth v. Lyons, 71 Mass. App. Ct. 671, 674 n.3, 675-676 (2008) (multiple complaints without contemporaneous first complaint instruction plus another error created substantial risk of miscarriage of justice).

3. Police testimony on the indictment process. The defendant next claims that the admission of evidence related to the Commonwealth seeking an indictment, and testimony regarding the investigative process underlying that indictment, created a substantial risk of a miscarriage of justice. We disagree.

During her opening statement, defense counsel told the jury that the allegations against the defendant were investigated by the Boston police department's "sexual assault unit," a group of police officers "trained [in] investigating sexual assaults." She then informed the jury that the defendant was "not charged by the police following that investigation," but, instead, was "charged by means of [an] [i]ndictment" and that the "indictment is not evidence."

6

As a result of defense counsel's opening statement, the judge concluded that counsel opened the door to permit the Commonwealth to elicit testimony regarding the initiation of criminal proceedings against the defendant.  In furtherance of that, a Boston police detective briefly explained on direct examination that an investigative team decided to directly indict the defendant by presenting the matter to a grand jury. On cross-examination, the detective clarified that the decision to directly indict the defendant was made by the district attorney's office.

Contrary to the defendant's claim, the detective's testimony did not improperly place the "imprimatur of the State on the decision to arrest or to charge" him.  Commonwealth v. DaSilva 471 Mass. 71, 81 (2015).  Nor did it improperly show that the "Commonwealth brought its resources to bear on this incident" to bolster the victim's credibility.  Commonwealth v. Stuckich, 450 Mass. 449, 457 (2008).  Rather, the detective's testimony merely clarified the investigative process after the defendant opened the door by implying that the police chose not to arrest the defendant because the victim's story was not credible.  In any event, the judge later instructed the jury, as he had at the beginning of the trial, that an indictment is a

means to formally charge a defendant with a crime and it is not evidence that he committed a crime.[2]

4. The prosecutor's closing argument. Finally, the defendant claims that the prosecutor's closing argument improperly suggested that the victim was credible because she was willing to report the crime to the police and to testify at trial. This, he claims, was an error that created a substantial risk of a miscarriage of justice. We disagree.

"A prosecutor can address, in a closing argument, a witness's demeanor, motive for testifying, and believability, provided that such remarks are based on the evidence, or fair inferences drawn from it, and are not based on the prosecutor's personal beliefs. . . . When credibility is an issue before the

---

[2] In the alternative, the defendant claims that defense counsel provided ineffective assistance for raising the fact that the police chose not to arrest the defendant, and thereby opening the door for the Commonwealth to present evidence about the investigative process. As an initial matter, it is far from clear that counsel's performance was constitutionally deficient. This is particularly so when the case is before us on direct appeal with no record to explain defense counsel's strategic decisions or findings on the matter from the trial judge. See Commonwealth v. Zinser, 446 Mass. 807, 811 (2006); Commonwealth v. Keon K., 70 Mass. App. Ct. 568, 573-574 (2007). With that said, we note that the standard for determining a substantial risk of a miscarriage of justice is "essentially the same" as the standard for determining prejudice on an ineffective assistance of counsel claim. Commonwealth v. LaChance, 469 Mass. 854, 858 (2014), cert. denied, 577 U.S. 922 (2015). Having determined that the investigative process evidence did not create a substantial risk of a miscarriage of justice, the ineffective assistance of counsel claim must fail.

8

jury, 'it is certainly proper for counsel to argue from the evidence why a witness should be believed.'" Commonwealth v. Freeman, 430 Mass. 111, 118-119 (1999), quoting Commonwealth v. Raymond, 424 Mass. 382, 391 (1997).

The defendant's argument centers, in part,[3] on the following argument the prosecutor made in her closing:

> "Now, counsel wants you to believe that she had laid in bed next to Bogard for hours twiddling her thumbs and concocting a story about how she did not consent. That she sat in her room waiting for hours with her roommate while she planned this whole story. That she decided to go to the police station, wait for years for this trial, and then come before you and testify because she regretted having sex with him. That does not make sense. It is unbelievable."

This argument was made in response the defendant's closing argument that the victim was not credible and that she fabricated the rape because she was unhappy with her relationship with the defendant. The prosecutor did not suggest that she held personal knowledge outside of the evidence as to why the victim should be believed. Nor did she suggest that the victim was credible because she came to court and testified. Instead, the argument was a refutation of the defendant's theory

---

[3] The defendant also apparently takes issue with the prosecutor's description of the victim as "shaken," or that her testimony was "emotional," "raw," and "real," and that the victim had to "look[] down" while testifying, or that she "struggled" to identify the defendant. However, these were all proper arguments, based on the victim's demeanor, why the jury should find her credible. See Freeman, 430 Mass. at 118-119; Commonwealth v. Crimmins, 46 Mass. App. Ct. 489, 495 (1999).

9

that the victim took her time after having consensual sex with the defendant to concoct a story that she was raped.  The prosecutor was entitled to "comment on the trial tactics of the defence," Commonwealth v. Grimshaw, 412 Mass. 505, 507 (1992), and to respond to the defendant's closing argument.  See Commonwealth v. Smith, 404 Mass. 1, 7 (1989); Commonwealth v. Chambers, 93 Mass. App. Ct. 806, 822 (2018).  See also Commonwealth v. Helberg, 73 Mass. App. Ct. 175, 179 (2008) ("there is no categorical prohibition against suggestion by a prosecutor that a prosecution witness has no motive to lie").  We add that the judge gave unchallenged and specific instruction relative to the nonevidentiary nature of closing arguments.  See Commonwealth v. Kozec, 399 Mass. 514, 518 (1987); Commonwealth

v. <u>Lawton</u>, 82 Mass. App. Ct. 528, 542 (2012).  There was no error, let alone a risk that justice miscarried.

<u>Judgment affirmed</u>.

By the Court (Meade, Sacks & Hodgens, JJ.[4]),

Clerk

Entered:  January 29, 2025.

---

[4] The panelists are listed in order of seniority.

11