A jury convicted the defendant, Roger Burrell, of various counts of forgery, larceny by check, and uttering a forged instrument (nine counts in total) pertaining to three checks he tendered on April 2, 2016.[2] On appeal, the defendant challenges the sufficiency of the evidence for all nine of his convictions. The Commonwealth concedes that the evidence in support of the defendant's convictions of forgery and larceny by check is deficient but asserts there is sufficient evidence in the record to support the defendant's convictions of uttering a forged instrument. We agree; as a result, we affirm the judgments on the defendant's three convictions of uttering a forged instrument, and we reverse the defendant's six convictions of forgery and larceny by check.
Discussion. When reviewing a challenge to the sufficiency of the evidence, we ask whether, after reviewing the evidence and all rational inferences drawn from it in the light most favorable to the Commonwealth, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Commonwealth v. Latimore, 378 Mass. 671, 677 (1979), quoting from Jackson v. Virginia, 443 U.S. 307, 318-319 (1979). Given the Commonwealth's commendable concessions, we need not address the larceny and forgery convictions, but turn to whether the evidence supports the defendant's convictions of uttering a forged instrument.
To sustain a conviction under G. L. c. 267, § 5, of uttering a forged instrument, the Commonwealth must prove: (1) the defendant "offer[ed] as genuine; (2) an instrument; (3) known to be forged; (4) with the intent to defraud." Commonwealth v. Levin, 11 Mass. App. Ct. 482, 496 (1981). Only the third element is in contention here.
To prove the third element, the Commonwealth must establish that the checks were invalid. See Commonwealth v. Gall, 58 Mass. App. Ct. 278, 288 (2003). However, the convictions may rest on "reasonable and possible" inferences, Commonwealth v. Casale, 381 Mass. 167, 173 (1980), and "[w]hen, as here, knowledge is an essential element of an offence, it may be ... proved by circumstantial evidence." Commonwealth v. Altenhaus, 317 Mass. 270, 273 (1944).
In this case, there was testimony that the last valid check that had issued from the payroll account from which the checks at issue were drawn upon was check number 5028. From this testimony, the jury could reasonably infer that the later numbered checks the defendant tendered-i.e., check numbers 5089, 5092, 5102, and 5111-were not validly issued and thus were forged, particularly where the three checks issued from a payroll account that had been opened less than one week prior, and for that reason appeared to cover less than one one-week pay period. See generally G. L. c. 149, § 148, as amended by St. 1992, c. 133, § 502 ("Every person having employees in his service shall pay weekly or bi-weekly each such employee the wages earned by him").
In addition, evidence of the peculiar manner in which the defendant cashed these checks contributed to the conclusion that he knew they were forged. The defendant did not deposit the checks into an account but, rather, tendered each of them for cash at three different branches of the Bristol County Savings Bank within the same morning. See Commonwealth v. Crocker, 384 Mass. 353, 354, 361 (1981) (cashing three checks at three different bank branches over three days is circumstantial evidence of uttering). Based upon the evidence and the reasonable inferences that could be drawn therefrom, see Casale, supra at 171-173, we conclude, therefore, that there was sufficient evidence the defendant knowingly uttered three forged checks. These convictions may stand.
Conclusion. The judgments on counts 2, 5, and 8 are affirmed. The judgments on all other counts are reversed, the verdicts are set aside, and judgments are to be entered for the defendant.
So ordered.
Affirmed in part; reversed in part.

There were three counts, one for each check, of larceny by check (G. L. c. 266, § 37 ), forgery (G. L. c. 267, § 1 ), and uttering a forged instrument (G. L. c. 267, § 5 ).